UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST GATHING, JR.,

    Plaintiff,

v.

KALAMAZOO DEPARTMENT OF
PUBLIC SAFETY, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1330

Hon. Hala Y. Jarbou

## **ORDER**

On December 20, 2024, the magistrate judge entered a report and recommendation ("R&R") recommending that the Court dismiss the case. (R&R, ECF No. 5.) Before the Court are Plaintiff's objections to the R&R. (Pl.'s Objs., ECF No. 7.) Also before the Court are Plaintiff's motions to amend the complaint (ECF No. 4) and for default judgment (ECF No. 8).

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge concluded that the Court lacks jurisdiction over the case because there is no federal controversy alleged. Indeed, in the body of his complaint, Plaintiff simply asks the parties and the Court to review the attachments to the complaint. (Compl., ECF No. 1, PageID.5.) But there are over 300 pages of attachments. They do not provide any clarity as to the nature of Plaintiff's claims.

Plaintiff fares no better in his objections. He alludes to violations of his constitutional rights and misconduct by employees of the Kalamazoo Department of Public Safety, but he

provides no facts whatsoever to support his assertions.  Accordingly, the Court agrees with the magistrate judge that Plaintiff's allegations are "unsubstantial" because they are non-existent. (*See* R&R 2.)  As such, they fail to establish the Court's jurisdiction over the case.

In a motion to amend his complaint, Plaintiff asks to amend the name of one defendant.  The Court will deny that request because his proposed amendment would be futile.  It would not save Plaintiff's complaint from dismissal.

Finally, Plaintiff asks for default judgment.  The Court will deny that request because the Court lacks jurisdiction.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 5) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend the complaint (ECF No. 4) and for default judgment (ECF No. 8) are **DENIED**.

A judgment will enter dismissing the case.


Dated: January 28, 2025                    /s/ Hala Y. Jarbou
                                                            HALA Y. JARBOU
                                                            CHIEF UNITED STATES DISTRICT JUDGE